UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-----------------------------------------------X
Phillip Wright,

       Plaintiff,  Index No. .:_____

  -against-

              **COMPLAINT AND DEMAND**
Equifax Information Services, LLC,  **FOR TRIAL BY JURY**
and American Express Company,
       Defendants.
-------------------------------------------------X

  Plaintiff Phillip Wright (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, as and for her Complaint against Defendants Equifax Information Services, LLC (hereinafter referred to as "Equifax") and American Express Company (hereinafter referred to as "American Express") respectfully sets forth as follows:

**PRELIMINARY STATEMENT**

  Plaintiff brings this action for actual, statutory, and punitive damages pursuant to 15 U.S.C. §1681 *et seq*., commonly referred to as the Fair Credit Reporting Act (hereinafter referred to as the "FCRA").

  Plaintiff further seeks declaratory and injunctive relief for Defendants' violations of 15 U.S.C. §1681 *et seq*. pursuant to 28 U.S.C. §2201 and 28 U.S.C. §2202.

  American Express violated the FCRA by failing to conduct a proper investigation of the Plaintiff's dispute filed with the credit reporting agency defendant, Equifax. The dispute claimed that the Plaintiff has no obligation for American Express account # 3499xxxxxxxxxxxx as he was not an authorized user on the Account. Furthermore, Equifax deleted said account from Plaintiff's credit report on December 4, 2013, yet, to date, continues to report said account without ever notifying Plaintiff that said account was being reinserted into his credit report.

1

American Express failed to review all relevant information purportedly provided to it by Equifax and it failed to direct such consumer reporting agency to delete inaccurate information about the Plaintiff from the files maintained by Equifax.

Equifax violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy when preparing credit reports purportedly concerning the Plaintiff. Equifax also violated the FCRA by repeatedly issuing credit reports to various third-parties, purportedly pertaining to the Plaintiff, which contained an erroneous tradeline entry which does not legitimately belong to the Plaintiff, despite having received actual notice that such entry is not hers or is otherwise inaccurate.

Equifax has failed to properly investigate the disputed item in the Plaintiff's credit file maintained by it; has violated Plaintiff's privacy by repeatedly publishing to third-parties information purportedly about him which is false; and Equifax has provided the Plaintiff's credit report, containing erroneous information, to third-parties, who then used such reports to make creditworthiness determinations about him and, as a result, his credit score is adversely affected and her current credit standing with her legitimate creditors has been adversely affected.

American Express is a "furnisher of information" within the meaning of the FCRA [15 U.S.C. § 1681s-2 *et seq.*].

Equifax is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)].

### PARTIES

1. Plaintiff is a resident of the State of Florida, County of Broward. Plaintiff is a natural person and a "consumer" as that term is defined in 15 U.S.C §1681a(c).

2

2. Defendant Equifax Information Services, LLC ("Equifax") is a consumer data collection company with its corporate headquarters located at 1550 Peachtree Street NW, Atlanta, Georgia 30309 with a registered agent in the State of New York located at 80 State Street, Albany, New York 12207 and authorized to conduct business in the State of New York. Upon information and belief, Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

3. Defendant American Express Company ("American Express") is a financial institution and national bank incorporated under the laws of the State of New York. Upon information and belief, American Express maintains its place of business at 200 Vesey Street New York, New York, 10285, and is authorized to conduct business within the State of New York. Upon further information and belief, American Express is a furnisher of consumer information and is the source of the information being reported about the Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681 *et seq*. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

6. The Plaintiff has a private right of action to assert claims against Bank of America and Equifax pursuant to 15 U.S.C. §1681s-2(b).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. In or around November 2013, Plaintiff reviewed the contents of his credit report with Equifax and noticed that American Express was reporting an erroneous tradeline entry in Plaintiff's Equifax credit report regarding American Express account # 3499xxxxxxxxxxxx in Plaintiff's Equifax credit report (the "Disputed Account").

9. Soon thereafter, by letter dated November 19, 2013, Plaintiff submitted a formal dispute to Equifax with an explanation that he was not responsible for the Disputed Account because he had never authorized it.

10. The dispute letter was sent to Equifax on or about November 19, 2013.

11. Because the reporting incorrectly represents to third parties that Plaintiff is obligated under the Disputed Account and, in fact, Plaintiff is not obligated under the Disputed Account because he never authorized it, Plaintiff fully identified the inaccuracy with specificity to Equifax in his letter and requested a correction.

12. On a date better known to Equifax, Equifax forwarded Plaintiff's dispute to American Express.

13. Equifax responded to Plaintiff's dispute letter on December 4, 2013.

14. In said response, Equifax briefly stated "This item has been deleted from your credit file."

15. In or around the latter half of December 2013, Plaintiff reviewed the contents of his credit report with Equifax and noticed that the erroneous tradeline entry was still being reported on his Equifax credit report.

16. Soon thereafter, by letter dated December 30, 2013, Plaintiff submitted a formal dispute to Equifax with an explanation that he was not responsible for the Disputed Account because he never authorized it and that the Disputed Account had been previously deleted from his Equifax credit report.

17. Plaintiff included Equifax's December 4, 2013 letter in his formal dispute letter as proof that the Disputed Account had been deleted from his Equifax credit report.

18. At no time was Plaintiff notified by Equifax that the Disputed Account had been reinserted into Plaintiff's credit report.

19. Equifax responded to Plaintiff's dispute letter on December 31, 2013.

20. In said response, Equifax briefly stated "Please be advised that authorised status is not reporting on the Equifax credit file."

21. Defendant failed to respond to Plaintiff's contention that the Disputed Account had been deleted and subsequently reinserted into Plaintiff's Equifax credit report.

22. Defendant essentially ignored Plaintiff's dispute and even neglected to spellcheck its response.

23. Defendant willfully disregarded the communications from Plaintiff and continued to report incorrect and inaccurate information to the detriment of Plaintiff.

24. As of this date, the Disputed Account, which was reinserted in Plaintiff's credit report by Equifax, continues to appear on Plaintiff's credit report despite the fact that he has no obligation on the Disputed Account.

25. Defendants failed to conduct a reasonable reinvestigation following Plaintiff's direct notification to Defendant Equifax of disputed information on Plaintiff's credit report, in violation of 15 U.S.C. §1681i(a)(1)(A).

26. Defendants are reporting information to third-parties that is incorrect, inaccurate, misleading and/or false.

27. Defendants knowingly and intentionally disregarded Plaintiff's rights under the law.

28. As a result of Defendants' actions and failures, Plaintiff has been damaged and is entitled to declaratory relief and an award of actual damages, punitive damages, costs, and reasonable attorney's fees.

29. Plaintiff further alleges that as a direct and proximate result of the each of the Defendants' actions, conduct and omissions he suffered actual damage including, but not limited to, damage to his existing credit accounts, emotional distress, annoyance, aggravation, frustration, and legal fees to secure the Defendants' compliance with the FCRA.

## FIRST CAUSE OF ACTION AS AGAINST EQUIFAX

30. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length.

31. Defendant Equifax willfully and/or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff in violation of §1681i(a) and is liable to Plaintiff pursuant to 15 U.S.C. §1681i(n)  and 15 U.S.C. §1681i(o).

32. Defendant Equifax willfully and/or negligently failed to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of §1681i(a) and is liable to Plaintiff pursuant to 15 U.S.C. §1681i(n)  and 15 U.S.C. §1681i(o).

33. Defendant Equifax willfully and/or negligently failed to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of §1681i(a) and is liable to Plaintiff pursuant to 15 U.S.C. §1681i(n)  and 15 U.S.C. §1681i(o).

34. Defendant Equifax willfully and/or negligently failed to inform Plaintiff within five days of the Disputed Account's reinsertion into Plaintiff's credit report that the Disputed Account

had been reinserted, in violation of §1681i(a) and is liable to Plaintiff pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

35. Defendant Equifax willfully and/or negligently failed to obtain a certification from American Express that the Disputed Account was complete and accurate before reinserting the Disputed Account into Plaintiff's credit report in violation of §1681i(a) and is liable to Plaintiff pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

36. Defendant Equifax willfully and/or negligently failed to employ and follow reasonable procedures to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, information that is deleted off Plaintiff's credit report, in violation of 15 U.S.C. §1681a and is liable to Plaintiff pursuant to 15 U.S.C. §1681i(n) and 15 U.S.C. §1681i(o)

37. Defendant Equifax willfully and/or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff in violation of 15 U.S.C. §1681i(a) and is liable to Plaintiff pursuant to 15 U.S.C. §1681i(n) and 15 U.S.C. §1681i(o).

38. Defendant Equifax willfully and/or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file in violation of 15 U.S.C. §1681e(b) and is liable to Plaintiff pursuant to 15 U.S.C. §1681i(n) and 15 U.S.C. §1681i(o).

39.  Indeed, Defendant Equifax continues to report incorrect information despite its actual knowledge of Plaintiff's dispute and the basis thereof.

40. The conduct of Defendant Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff detailed in the within Complaint and, accordingly, Equifax is liable to Plaintiff for the full amount of

statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such other further relief, as may be permitted by law.

## SECOND CAUSE OF ACTION AS AGAINST AMERICAN EXPRESS

41. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length.

42. After being informed by Equifax that the Plaintiff disputed the accuracy of the information it was providing, American Express failed to conduct a proper investigation of the Plaintiff's dispute pertaining to the Account filed with Equifax.

43. American Express negligently failed to review all relevant information purportedly provided Equifax to American Express in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

44. American Express willfully and/or negligently failed to direct Equifax to delete inaccurate information about the Plaintiff pertaining to the account at issue, as required by violated 15 U.S.C. §1681s-2(b)(C).

45. The conduct of Defendant American Express was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff detailed in the within Complaint and, accordingly, Bank of America is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such other further relief, as may be permitted by law.

## DEMAND FOR TRIAL BY JURY

46. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which the Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Phillip Wright demands judgment against Defendants Equifax Information Services, LLC and American Express, as follows:

A. For a declaration that Defendants' practices violated the FCRA;

B. For actual damages to Plaintiff in the maximum sum permissible for Defendants' willful noncompliance pursuant to 15 U.S.C. §1681n(a)(1)(A), or in the alternative, Plaintiff is entitled to an award of actual damages for Defendants' negligent violations provided and pursuant to 15 U.S.C. §1681o(a)(1) ;

C. For an award of punitive damages in an amount to be determined at trial for Defendants' willful violations provided and pursuant to 15 U.S.C. §1681n(a)(2);

D. For an award of all costs and reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. §1681n(a)(3), or in the alternative, 15 U.S.C. §1681o(a)(2);

E. For an order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

F. For an order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

G.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.


Dated:  New York, New York
         February 26, 2014

Respectfully submitted,

By: */s/ Jerald Alan Belofsky, Esq.*
Jerald Alan Belofsky, Esq.
Bar Number JB-249262
Attorney for Plaintiff
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
Telephone (212)796-6053
Fax (212) 951-7379
Email: info@fschulmanlaw.com